IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY D/B/A TEXAS BONDING COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ANALYTICAL TECHNOLOGY CONSULTANTS, INC., BASS INTERNATIONAL, INC., HECTOR BASS, and JANICE BASS, <br><br> Defendants. | § § § § § § § § § § § § § § § § § <br><br> Civil Action No. 1:20-cv-00848 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff American Contractors Indemnity Company d/b/a Texas Bonding Company (the "**Surety**") files its Original Complaint against the Defendants identified above.

### I.   PARTIES

1. Plaintiff American Contractors Indemnity Company d/b/a Texas Bonding Company is a California corporation authorized to do business in Texas.

2. Defendant Analytical Technology Consultants, Inc. ("**Analytical Technology**") is a Texas corporation. According to its most recent public information report, Analytical Technology's principal place of business is 1535 Snider, Allen, Texas 75002. Analytical Technology may be served by serving its registered agent, Hector Bass, at 6816 Foxglove Trail, Sachse, Texas 75048 or wherever he may be found.

3. Defendant Bass International, Inc. ("**Bass International**") is a Texas corporation. According to its most recent public information report, Bass International's principal place of

business is 6816 Foxglove Trail, Sachse, Texas 75048. Bass International may be served by serving its registered agent, Hector Bass, at 6816 Foxglove Trail, Sachse, Texas 75048.

4. Defendant Hector Bass is a United States citizen whose domicile is in the State of Texas. Mr. Bass may be served at 6816 Foxglove Trail, Sachse, Texas 75048 or wherever he may be found.

5. Defendant Janice Bass is a United States citizen whose domicile is in the State of Texas. Ms. Bass may be served at 6816 Foxglove Trail, Sachse, Texas or wherever she may be found.

## II.   JURISDICTION & VENUE

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because the a substantial part of the events or omissions giving rise to this claim occurred in this District. Moreover, Defendants consented to jurisdiction in this District in the General Indemnity Agreement they executed for the benefit of the Surety.

## III.   FACTUAL BACKGROUND

A. THE GENERAL INDEMNITY AGREEMENT

8. On or about September 11, 2015, Analytical Technology, Bass International, Inc., Hector Bass, and Janice Bass ("**Indemnitors**") executed a General Indemnity Agreement (the "**Indemnity Agreement**") on behalf of the Surety. A true and correct copy of the Indemnity Agreement is attached hereto as **Exhibit 1** and incorporated herein for all purposes. Pursuant to the Indemnity Agreement, the Indemnitors agreed, among, other things to: "

exonerate, indemnify, keep indemnified, reimburse and save and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses, investigative fees and expenses, accountants'' fees and expenses, engineering and other professional or consultants' fees and expenses of any kind, in-house attorneys' fees and expenses, interest, court costs and any and all other types of losses, costs or expense of whatsoever kind or nature, and from and against all such losses, costs or expenses which the Surety may sustain or incur or which arise by reason or in any manner in consequence of, no matter how remotely, any one or more of the following: the execution or procurement by the Surety of any Bond; the failure of any Principal or Indemnitor to perform or comply with any and all of the terms, covenants, and conditions of this Agreement; the conduct of any investigation regarding the Surety's alleged obligations or liabilities under any Bond or in connection with any Contract; any attempt by or on behalf of the Surety to obtain a release or reduction of the Surety's liability alleged under any Bond or Contract; any attempt by or on behalf of the Surety to recover any unpaid premium in connection with any Bond; the prosecution or defense of any action or claim of whatsoever kind or nature in connection with any Bond or Contract whether the Surety, in its sole and absolute discretion, elects to employ its own counsel, or, in lieu thereof or in addition thereto, permits or requires any Principal and/or Indemnitor to make arrangements for or assist in the Surety's legal representation and protection; the loan or advance of any monies to any Principal or Indemnitor; the Surety's attempt to determine, discharge or mitigate its loss or exposure to loss in connection with any Bond or Contract, or to enforce any of its rights pursuant to this Agreement, by suite or otherwise." *See* Exhibit 1 at Section 3.

9. Effective immediately upon execution of the Indemnity Agreement, the Indemnitors assigned to the Surety all right, title and interest in contract balances, equipment, subcontractors or purchase orders, surety bonds supporting subcontracts or purchase orders, insurance proceed, causes of action, and real and personal property. *See* Exhibit 1 at Section 4.

10. The Indemnitors agreed that "in the event of any payment by the Surety, an itemized statement of the amount of any such payment sworn by any officer or authorized representative of the Surety, or any voucher or vouchers, invoices or other evidence of such payment shall be prima

facie evidence of the fact and amount of such payment, and the extent of the liability of any Principal and Indemnitor to the Surety . . . ." Exhibit 1 at Section 10.

11. In the event of default, Indemnitors agreed to deposit collateral with the Surety in an amount determined at the Surety's sole discretion and sufficient to exonerate the Surety from loss. *See* Exhibit 1 at Section 11.

12. In reliance upon its rights under the Indemnity Agreement, the Surety executed multiple performance and payment bonds (the "**Bonds**") on behalf of and/or at the request of Analytical Technology including the bonds for the following projects ("**Projects**"):

| OBLIGEE | PROJECT | BOND NO. |
| --- | --- | --- |
| Texas Department of Transportation ("**TxDOT**") | Contract 12153230 for Construction of 2.7 Miles of IH 35 | 1001060093 |
| Texas Department of Transportation | Contract 01164005 Improvements of .001 Miles of High Mast Repair and/or Replacement in Harris County | 1001060100 |

13. TxDOT declared Analytical Technology in default on both Projects and made demand upon the Surety pursuant to the Bonds. The Surety and TxDOT executed a Takeover Agreements in which the Surety agreed to facilitate completion or the Projects by retaining a completion contractor. To date, the Surety has incurred $255,316.21 in loss and expenses arising out of its execution of and performance under the Bonds. The Surety continues to incur loss and expense enforcing its rights under the Indemnity Agreement.

14. Indemnitors have failed and refused to exonerated and indemnify the Surety as required by the Indemnity Agreement.

## IV.   CAUSES OF ACTION

**A.   BREACH OF INDEMNITY AGREEMENT**

15.   The Surety incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 15.

16.   The Indemnitors have failed, delayed, refused, or are unable to complete performance for the projects for which the Bonds were issued.

17.   Indemnitors have failed and/or refused to pay the Surety an amount sufficient to discharge any claims against the Surety in connection with the Bonds.

18.   Under the Indemnity Agreement, the Indemnitors are jointly and severally liable to the Surety for all of the Surety's loss and expense, including attorneys' fees, in connection with claims on the Bonds.

**B.   EXONERATION**

19.   The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 19.

20.   The Indemnitors are jointly and severally liable to the Surety under the Indemnity Agreement for all amounts necessary to exonerate the Surety from liability asserted against it.

**C.   RECOVERY OF ATTORNEY'S FEES AND EXPENSES**

21.   The Surety incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 20.

22.   The Surety is entitled to recover all reasonable attorney's fees, all court costs, and all actual expenses of collection pursuant to the Indemnity Agreement and/or Chapter 38 of the Texas Civil Practice and Remedies Code.

## V. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff American Contractors Indemnity Company d/b/a Texas Bonding Company respectfully requests that Analytical Technology Consultants, Inc.; Bass International, Inc.; Hector Bass; and Janice Bass be cited to appear and answer herein and, upon final trial thereof, that Plaintiff receive:

(a) Judgment against Defendants, jointly and severally;

(b) Attorney's fees and expenses;

(c) Pre-judgment interest at the maximum rate permissible at law or in equity;

(d) Post-judgment interest at the maximum rate permissible at law or in equity;

(e) Costs of court; and

(f) Such other and further relief to which Plaintiff may be justly entitled.

DATED: August 13, 2020.

Respectfully Submitted,

*/s/ Gregory M. Weinstein*
GREGORY M. WEINSTEIN
State Bar No. 16027020

**WEINSTEIN RADCLIFF PIPKIN LLP**
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
Telephone: 214.865.6126
Facsimile: 214.865.6140
Email: gweinstein@weinrad.com

**ATTORNEY FOR PLAINTIFF**